IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY N. ROGERS, | : | |
| Plaintiff, | : | 1:19-cv-1380 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| USP LEWISBURG, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **April 16, 2020**

Plaintiff Jeremy N. Rogers ("Rogers"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") who, at the relevant time, was incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *Bivens*[1] action on August 5, 2019, in the United States District Court for the Eastern District of Pennsylvania naming USP-Lewisburg, the United States, and various individuals as Defendants. (Doc. 2). The Eastern District transferred the matter to this Court on August 9, 2019. (Doc. 5).

Presently pending is Defendants' motion (Doc. 27) to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and for summary judgment pursuant to Federal Rule of Civil Procedure 56, raising, *inter alia*, Rogers' failure to exhaust his administrative remedies. On February 18, 2020, the Court issued an Order

---

[1] *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

notifying the parties that, because Defendants raised the issue of whether Rogers exhausted his administrative remedies prior to initiation of this action, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) and *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013), the Court would consider exhaustion in its role as fact finder. (Doc. 30). In that same Order, the Court notified Rogers that he had until March 30, 2020, to file a brief in opposition to the motion and to respond to Defendants' statement of material facts. He was also cautioned that his failure to file an opposition brief would result in the motion being deemed unopposed, and his failure to respond to Defendants' statement of material facts would result in the statement being deemed admitted. (*Id.*) Rogers filed neither an opposition brief nor a statement of material facts. Consequently, the motion is deemed unopposed and Defendants' statement of material facts, *infra*, is deemed admitted.

The Court will proceed directly to the motion for summary judgment and, for the reasons set forth below, grant the motion based on Rogers' failure to exhaust his administrative remedies prior to filing the action.

I. <u>**STANDARD OF REVIEW**</u>

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other

similar materials negating the opponent's claim." *Celotex*, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of evidence to support the nonmoving party's claims." *Id.* at 325.

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most

favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. The adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson*, 477 U.S. at 249–50.

## II. STATEMENT OF MATERIAL FACTS

The BOP has established a multi-tier system enabling a federal prisoner to seek formal review of any aspect of his imprisonment. (Doc. 28-1, ¶ 4, citing 28 C.F.R. § 542.10-542.19). Before seeking formal review, an inmate must attempt to informally resolve the issue with institutional staff by completing a BP-8 form. (*Id.* citing §542.13). If informal resolution is unsuccessful, the inmate may present

the issue to the Warden within twenty days of the date of the event giving rise to the administrative remedy request by filing a BP-9 form. (*Id.* citing § 542.14). The Warden has twenty days to respond. (*Id.* citing § 542.18). An inmate dissatisfied with the Warden's response may submit an appeal on a BP-10 form to the BOP Regional Director within twenty calendar days. (*Id.* citing § 542.15(a)). The Regional Director has thirty days to respond to an appeal. (*Id.* citing § 542.18). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office, General Counsel, by submitting a BP-11 form within thirty calendar days. (*Id.* citing § 542.15(a)). The Central Office has forty days to respond. (*Id.* citing § 542.18). No administrative remedy is considered fully exhausted until it is decided on its merits by the Central Office. (*Id.* citing §§ 541.10-542.19).

Each administrative remedy is given an identification number. (Doc. 28, ¶ 8). Each number is followed by a letter representing the level of review and assigned a number to indicate how many times the remedy was filed at each particular level. (*Id.*).

An administrative remedy may be rejected at any level if not properly or timely submitted. (*Id.* at 4). If a remedy is rejected, it is returned to the inmate with a written notice explaining the reason for rejection. (*Id.* at 5, citing 28 C.F.R.

§ 542.17(b)). A rejection of an administrative remedy does not constitute a decision on the merits. (*Id.* at 7).

On June 25, 2018, Rogers was transferred to the Special Management Unit ("SMU") at USP-Lewisburg. (*Id.* at 1). On June 18, 2019, he filed Administrative Remedy No. 981396-FI stating that on June 10, 2019, staff denied his claim of a Prison Rape Elimination Act (PREA) allegation. (*Id.* at 9). On June 24, 2019, the Warden denied the request and notified Rogers that he had twenty calendar days from June 24, 2019, to seek an appeal with the Regional Director. (*Id.* at 10, 11). The following day, he filed an appeal to the Regional Director; the appeal is identified as Administrative Remedy No. 981396-RI. (*Id.* at 12). On July 26, 2019, the Regional Director provided Rogers with a response "for informational purposes only" and closed the appeal. (*Id.* at 13). In that response, the Regional Director informed him that he could pursue an appeal to the General Counsel within thirty calendar days if he was dissatisfied with the response. (*Id.* at 14). On August 5, 2019, Rogers appealed to the Central Office; the appeal is designated as Administrative Remedy No. 981396-AI. (*Id.* at 15). On September 17, 2019, the Central Office denied the appeal. (*Id.* at 16).

On August 5, 2019, prior to receiving the decision from the Central Office, Rogers commenced the instant action.

## III. **DISCUSSION**

Defendants seek an entry of summary judgment based on Rogers' failure to exhaust administrative remedies prior to initiating this action. (Doc. 29, p. 7). The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" *Id.* "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. *See Miller v. French*, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." *Id.* at 1856-57.

It is undisputed that Rogers commenced this instant action on August 5, 2019, prior to completion of the BOP's administrative remedy procedure. The PLRA mandates exhaustion of available administrative remedies before bringing suit and it is beyond the power of this Court to excuse compliance with that

requirement. Rogers' failure to fully exhaust available administrative remedies prior to bringing this action compels an entry of summary judgment in favor of Defendants.

## IV. **CONCLUSION**

Based on the above, Defendants' motion (Doc. 27) for summary judgment pursuant to Federal Rule of Civil Procedure 56, will be granted.

A separate Order will issue.